Matter of Sanchez (2024 NY Slip Op 06201)

Matter of Sanchez

2024 NY Slip Op 06201

Decided on December 11, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LILLIAN WAN, JJ.

2023-07239

[*1]In the Matter of Cindy L. Sanchez, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Cindy L. Sanchez, respondent. (Attorney Registration No. 4061792)

JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Ninth Judicial District and the respondent, Cindy L. Sanchez, for discipline by consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 24, 2002.

Courtny Osterling, White Plains, NY, for petitioner.
Richard E. Grayson, White Plains, NY, for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Ninth Judicial District served the respondent with a notice of petition and a verified petition, both dated July 31, 2023, and the respondent served and filed a verified answer dated September 22, 2023. By decision and order on application dated December 21, 2023, this Court appointed John J. Halloran, Jr., as Special Referee, to hear and report.
The Grievance Committee and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent and request the imposition of a sanction ranging from a censure to a six-month suspension. Pursuant to 22 NYCRR 1240.8(a)(5)(i), the parties submitted a joint affirmation in support of the motion. In addition, the respondent submitted an affidavit sworn to on April 9, 2024. Based on the stipulation of facts presented with the joint affirmation, the parties have agreed that the following factual specifications are not in dispute.
Sylvain Matter
The respondent represented Joseph Sylvain as the plaintiff in a civil action concerning real property filed in the Supreme Court, Kings County, under Index No. 22629/08. On or about May 19, 2015, the court issued an order that vacated a previously filed note of issue, pursuant to 22 NYCRR 202.21(e), marked the matter off the calendar until a new note of issue was filed, and directed Sylvain to file a new note of issue on or before October 31, 2015. The respondent subsequently failed to file the note of issue or otherwise file a motion to restore the matter to the calendar. In or about April 2016, the respondent met with Sylvain to discuss the matter. From in or about April 2016 to in or about August 2022, the respondent did not have any communication with Sylvain, nor did she complete further work in the matter.
Roman MatterThe respondent was retained on or about January 30, 2018, by Eugenia M. Roman to represent her in an estate proceeding wherein Roman sought to be appointed as the [*2]administrator of her mother's estate. As of January 13, 2021, the respondent had not filed a petition to have Roman appointed as the administrator. The respondent did not become aware that she had not filed the Roman petition until in or about February 2021, after having received a grievance complaint. Between on or about February 6, 2019, and October 25, 2019, Roman sent multiple emails to the respondent inquiring about the status of her matter, to which the respondent did not respond. By letters dated July 15, 2019, and January 30, 2020, Roman wrote to the respondent inquiring about the status of her matter, to which the respondent did not respond.
As required by 22 NYCRR 1240.8(a)(5)(iii), the respondent has submitted an affidavit with this motion in which she conditionally admits the foregoing facts and that those facts establish that she (1) failed to act with reasonable diligence and promptness in representing two clients, in violation of rule 1.3(a) of the Rules of Professional Conduct (22 NYCRR 1200.0); (2) neglected legal matters that were entrusted to her, in violation of rule 1.3(b) of the Rules of Professional Conduct; (3) failed to keep her clients reasonably informed about the status of their matters, in violation of rule 1.4(a)(3) of the Rules of Professional Conduct; and (4) failed to promptly inform her client about material developments in the matter, in violation of rule 1.4(a)(1)(iii) of the Rules of Professional Conduct. The respondent consents to the agreed upon discipline in the range of a censure to a six-month suspension, which consent is given fully and voluntarily without coercion and duress. The respondent states that she is fully aware of the consequences of consenting to such discipline.
The parties assert that the Court should consider, in aggravation, the respondent's prior disciplinary history, which consists of two admonitions, one of which is for similar conduct as occurred here.
In mitigation, the parties assert that the Court should consider the respondent's cooperation with the investigation of this matter, her acknowledgment of her mistakes, and her remorse. The respondent, moreover, asserts that this Court should consider that at the time of the alleged misconduct, she was a sole practitioner, suffering from postpartum depression, overwhelmed at work, and struggling financially. The respondent states that she has since closed her private practice and joined a law firm with sufficient support staff to assist in her practice of law moving forward.
As to the appropriate sanction, the parties contend that a sanction ranging from a censure to a six-month suspension is in accord with this Court's precedent under similar circumstances.
Based on the foregoing, we find that the joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted, and that a six-month suspension is warranted in view of the totality of the circumstances, including the respondent's admitted misconduct as well as the aggravating and mitigating factors presented herein (see Matter of Meenan, 117 AD3d 42).
LASALLE, P.J., DILLON, DUFFY, BARROS and WAN, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent is granted; and it is further,
ORDERED that the respondent, Cindy L. Sanchez, is suspended from the practice of law for a period of six months, commencing January 10, 2025, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than June 10, 2025. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that, during the period of suspension, she (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), and (3) otherwise properly conducted herself; and it is further,
ORDERED that during the period of suspension and until further order of this Court, the respondent, Cindy L. Sanchez, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id.); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Cindy L. Sanchez, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, [*3]or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Cindy L. Sanchez, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court